**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000559**
**26-FEB-2021**
**07:57 AM**
**Dkt. 125 MO**

NO. CAAP-16-0000559

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PUBLIC ACCESS TRAILS HAWAI'I, a Hawai'i Nonprofit Corporation, and DAVID BROWN, JOE BERTRAM, III; KEN SCHMITT; for themselves individually, and on behalf of the certified class members, Plaintiffs-Appellants,
v.
HALEAKALA RANCH COMPANY, a Hawai'i Corporation; STATE OF HAWAI'I, WILLIAM AILA, JR., in his official capacity as the Director of the State of Hawai'i DEPARTMENT OF LAND AND NATURAL RESOURCES and chair of the State of Hawai'i BOARD OF LAND AND NATURAL RESOURCES; DEPARTMENT OF LAND AND NATURAL RESOURCES, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10 AND DOE PARTNERSHIPS, DOE CORPORATIONS, GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10, Defendants


DEPARTMENT OF LAND AND NATURAL RESOURCES, STATE OF HAWAI'I, Cross-Claimant-Appellee,
v.
HALEAKALA RANCH COMPANY, a Hawai'i Corporation, Cross-Claim Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0031(3))


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Plaintiffs-Appellants Public Access Trails Hawai'i, and David Brown, Joe Bertram III, and Ken Schmitt, for themselves individually and on behalf of the certified class members (**collectively PATH**), appeal from the "Final Judgment", entered on

July 11, 2016, by the Circuit Court of the Second Circuit (**Circuit Court**).[1]  As part of their appeal, PATH challenges the "Order Granting, in Part, Plaintiffs' Motion for Attorneys' Fees and Costs For Phase One of Trial" (**AF Order**), entered on March 4, 2015, the "Order Awarding Plaintiffs' Attorneys' Fees and Costs for Phase One of Trial" (**AF Award**), entered on May 19, 2015, and the "Order Denying Plaintiffs' Second Motion for Attorneys' Fees and Costs for Phase One of Trial" (**Order Denying Second AF Motion**), entered on July 13, 2015.

On appeal, PATH contends that the Circuit Court erred in: (1) concluding that PATH was not entitled to attorneys' fees under the private attorney general doctrine for fees incurred after the date that PATH and Defendants/Cross-Claim Plaintiffs/Cross-Claim Defendants-Appellees State of Hawaiʻi, Suzanne D. Case in her official capacity as the Chair of the State of Hawaiʻi Department of Land and Natural Resources and Chairperson of the State of Hawaiʻi Board of Land and Natural Resources, State of Hawaiʻi Department of Land and Natural Resources, and the State of Hawaiʻi Board of Land and Natural Resources (collectively **the State**)[2] entered into a "Joint Prosecution Agreement"; (2) denying PATH's request for attorneys' fees incurred litigating the attorneys' fees issue; and (3) concluding that Defendant/Cross-Claim Defendant/Cross-Claim Plaintiff-Appellee Haleakala Ranch Company's (**HRC**) claim of private ownership of the Haleakalā Trail was not made in bad faith thus denying PATH's request for attorneys' fees under

---

[1]  The Honorable Joseph E. Cardoza presided.

[2]  In the proceedings below, PATH named William Aila, Jr., in his capacity as the Chair of the State of Hawaiʻi Department of Land and Natural Resources and Chairperson of the State of Hawaiʻi Board of Land and Natural Resources as a party defendant.  As William Aila, Jr., no longer holds this position, his successor, Suzanne D. Case, is automatically substituted as a party in the instant appeal pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1).

Hawaii Revised Statutes (**HRS**) § 607-14.5 (2016).[3]

For the reasons discussed below, we affirm the Circuit Court.

## I.  Background

On January 18, 2011, PATH filed a complaint against, *inter alia*, the State and the HRC.[4]  The complaint included seven claims for relief seeking to restore public access to a portion of the Haleakalā Trail situated on land owned by the HRC.[5]  On March 31, 2011, the State filed a motion to dismiss PATH's

---

[3]  HRS § 607-14.5 provides:

> **§607-14.5  Attorneys' fees and costs in civil actions**.
> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
> (b)  In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action. In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c). If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.
> (c)  A party alleging that claims or defenses are frivolous may submit to the party asserting the claims or defenses a request for withdrawal of the frivolous claims or defenses, in writing, identifying those claims or defenses and the reasons they are believed to be frivolous. If the party withdraws the frivolous claims or defenses within a reasonable length of time, the court shall not award attorneys' fees and costs based on those claims or defenses under this section.

[4]  On May 24, 2013, PATH filed their first amended complaint.  On August 30, 2013, PATH filed their second amended complaint.

[5]  The complaint included the following claims for relief: (1) count I (Public Trust); count III (sic) (Customary and Traditional Access); (3) Count III (Highways Act of 1892 and HRS § 264-1); (4) count IV (Quiet Title); (5) count V (Public Nuisance); (6) count VI (HRS 6E Historic Preservation); (7) count VII (Violation of Due Process). Count VII (Violation of Due Process) was subsequently removed in PATH's second amended complaint.

complaint, which HRC subsequently joined.[6]  On June 7, 2011, the Circuit Court entered an order denying in part and granting in part the State's motion to dismiss.

On December 26, 2012, PATH and the State entered into a "Joint Prosecution Agreement" (**JP Agreement**).  Pursuant to the JP Agreement, the State and PATH agreed to jointly prosecute count III "Highways Act of 1892 and HRS § 264-1" and count IV "Quiet Title" of PATH's complaint against the HRC, subject to the terms and conditions of the agreement.  As part of the JP Agreement, PATH agreed to dismiss without prejudice their claims against the State, and the State agreed to file a cross-claim against HRC so that it could jointly prosecute the claims against HRC.

On February 4, 2013, the Circuit Court entered an order approving the JP Agreement as to the certified class members. Accordingly, the State filed its cross-claim against HRC on March 6, 2013,[7] to quiet title to the disputed portion of the Haleakalā Trail, and the Circuit Court entered an order dismissing without prejudice all of PATH's claims against the State on March 27, 2013.  On October 4, 2013, HRC filed a cross-claim against the State asserting sole and exclusive ownership of the disputed portion of the Haleakalā Trail.

On May 3, 2013, the Circuit Court entered an order bifurcating this case into two phases.  Pursuant to subsequent orders, the Circuit Court determined that the first phase would address: (1) the State's second amended cross-claim against HRC to quiet title to the disputed portion of the Haleakalā Trail; (2) "[t]he first element (public right of way) of Count V (Public Nuisance) of [PATH's] Second Amended Complaint"; and (3) HRC's cross-claim against the State seeking a judgment that HRC is the

---

[6]  Many of the filings in this case were filed *ex officio*.  The *ex officio* filing date of such documents prevails over the file stamped date to the extent that the dates differ from each other.  Cochrane v. Azman, No. 29562, 2011 WL 661714, at *1 n.3 (App. Feb. 22, 2011) (Mem. Op.).

[7]  On May 29, 2013, the State filed its first amended cross-claim against HRC.  On September 16, 2013, the State filed its second amended cross-claim.

sole and exclusive owner of the disputed portion of the Haleakalā Trail (collectively **the Phase One Issues**).

On March 17, 2014, a jury trial commenced to determine the Phase One Issues.  The trial took over five weeks, concluding on April 23, 2014.  On December 19, 2014, the Circuit Court entered judgment relating to the State's second amended cross-claim and the first element of count V of PATH's second amended complaint in favor of the State and PATH in accordance to the Jury's Special Verdict Form (**Phase One Judgment**).  The HRC's cross-claim against the State was dismissed without prejudice via a stipulation between the State and HRC filed November 21, 2014.

On December 16, 2014, PATH filed "[PATH's] Motion for Attorneys' Fees and Costs for Phase One of Trial" (**First Attorneys' Fees Motion**).  The First Attorneys' Fees Motion sought from HRC $1,108,915.30 in attorneys' fees incurred for the period from January 18, 2011, the date HRC was served with PATH's complaint, through April 23, 2014, the date of the jury verdict.  The motion sought attorneys' fees under three theories, including the private attorney general doctrine and under HRS § 607-14.5.[8]

In the meantime, the State, PATH, and HRC agreed to resolve all remaining issues in this case in a handwritten mediated settlement agreement dated December 19, 2014.  Pursuant to the settlement agreement, HRC agreed that it would not pursue a new trial and/or appeal from the Circuit Court's Phase One Judgment, or seek to acquire the disputed portion of the Haleakalā Trail through a proposed land exchange with the State, which was previously discussed before trial.  Additionally, the parties agreed that the Circuit Court would independently decide the First Attorneys' Fees Motion, and that the court's decision would be appealable by either PATH or the HRC.  Finally, the

---

[8]  PATH also sought attorneys' fees for HRC's failure to admit to requests for admission under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 36, which the Circuit Court awarded.  This fee award is not relevant to this appeal, so we do not discuss it further.

parties agreed that PATH would move to dismiss with prejudice the remaining issues that were to be determined at the second phase of the trial.[9]  On July 11, 2016, the Circuit Court entered its order approving the Settlement Agreement.

On March 4, 2015, the Circuit Court entered its AF Order, which granted in part and denied in part PATH's First Attorneys' Fees Motion.  In the AF Order, the Circuit Court determined, *inter alia*, that under the private attorney general doctrine, PATH was entitled to reasonable fees and costs from HRC through December 26, 2012, the date that PATH entered into the JP Agreement with the State.  The Circuit Court further determined that the record did not support a finding that HRC's claim of private ownership of the Haleakalā Trail was made in bad faith, and thus PATH was not entitled to attorneys' fees and costs pursuant to HRS § 607-14.5.  Accordingly, on May 19, 2015, the Circuit Court filed its AF Award, awarding, *inter alia*, $227,560.52 in reasonable attorneys' fees to PATH from HRC.

On May 6, 2015, PATH filed a motion seeking an additional award of attorneys' fees against HRC for the time incurred litigating the attorneys' fees issue.  On July 13, 2015, the Circuit court entered its Order Denying Second AF Motion.  On July 11, 2016, the Circuit Court entered its Final Judgment.  This appeal follows.

## II.  Standards of Review
### A.  The Private Attorney General Doctrine

This court reviews trial court awards of attorneys' fees and costs under the abuse of discretion standard.  <u>Honolulu Const. and Draying Co., Ltd. v. State, Dept. of Land and Nat. Res. (Irwin Park II)</u>, 130 Hawaiʻi 306, 313, 310 P.3d 301, 308 (2013).  However, "we review *de novo* whether the trial court disregarded rules of principles of law that arise in deciding whether or not a party satisfies the three factors of the private attorney general doctrine."  <u>Id.</u>

---

[9]  Portions of the Settlement Agreement apparently relating to the issues of attorneys' fees were redacted.

**B.   Fees Requested Due to HRC's Allegedly Frivolous Claim**

A trial court's conclusion that a party's claim was "made in good faith" and thus not frivolous for purposes of an award of attorneys' fees presents mixed questions of fact and law.  Thus the clearly erroneous standard of review applies in making this conclusion.  See Coll v. McCarthy, 72 Haw. 20, 28, 804 P.2d 881, 886 (1991).  "A finding is clearly erroneous where the court is left with a firm and definite conviction that a mistake has been committed."  Id. at 28, 804 P.2d at 887 (citation omitted).

### III.  Discussion

### A.  Attorneys' Fees Under the Private Attorney General Doctrine

In their first point of error, PATH asserts that the Circuit Court erred in its AF Order and AF Award by determining that PATH was not entitled under the private attorney general doctrine to attorneys' fees incurred after the State and PATH entered into the JP Agreement.  We disagree.

"The private attorney general doctrine sets forth an equitable rule enabling an award of attorneys' fees for vindication of important public rights."  Irwin Park II, 130 Hawaiʻi at 308, 310 P.3d at 303 (citation omitted).  In applying this doctrine, courts consider three basic factors:

> (1) the strength or societal importance of the public policy vindicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, and (3) the number of people standing to benefit from the decision.

Id. (citation and brackets omitted).

Here, the Circuit Court determined that PATH satisfied all three factors of the private attorney general doctrine until PATH and the State entered into the JP Agreement.[10]  In regards to the second factor, the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, the Circuit Court stated:

---

[10]  No party challenges the Circuit Court's determination of the first and third prongs of the private attorney general doctrine.

>        Next, [PATH's] efforts to preserve the trail were
> necessary in light of the State's initial reluctance to
> preserve the trail and its joint proposal with HRC to
> exchange the trail for another site of less importance.
> Until the State and [PATH] entered into a [JP Agreement],
> the State actively defended and opposed [PATH's] claims
> herein.  Prior to the [JP Agreement], [PATH] had to assume
> the entire burden of the litigation herein.
>
>        . . . .
>
>        Based on the foregoing, [PATH is] entitled to
> reasonable fees and costs through the date that [PATH]
> entered into a [JP Agreement] with the State.  <u>Although at
> times the joint relationship between [PATH] and the State
> was not on a solid foundation, these parties continued with
> their joint prosecution of the claims pursued during phase
> one of the trial.  Under these circumstances, it would be
> inappropriate to apply the private attorney general doctrine
> beyond the date of the joint prosecution agreement</u>.

(Emphasis added).

PATH contends that even after the parties executed the
JP Agreement, PATH bore the brunt of the litigation burden and
the State continued to act adversely against its interest to
preserve public access to the Haleakalā Trail.  Accordingly, PATH
asserts that their private enforcement continued to be necessary
even after the State and PATH entered into the JP Agreement, and
thus PATH should have been awarded attorneys' fees accordingly.
We conclude that the Circuit Court did not abuse its discretion
in denying fees to PATH under the private attorney general
doctrine after the parties entered into the JP Agreement.

The Supreme Court of Hawaiʻi has recognized that the
second prong of the private attorney general doctrine may be
fulfilled where the government either "abandons" or "actively
opposes" the plaintiff's cause such that the plaintiff is "solely
responsible" for advocating the public interest.  <u>See</u> <u>Sierra Club
v. Dep't of Transp. of State of Hawaiʻi</u>, 120 Hawaiʻi 181, 220-21,
202 P.3d 1226, 1265-66 (2009); <u>In re Water Use Permit
Applications (Waiahole II)</u>, 96 Hawaiʻi 27, 31, 25 P.3d 802, 806
(2001).

Consistent with these principles, the Circuit Court
determined that PATH was entitled to attorneys' fees under the
private attorney general doctrine until the parties entered into

the JP Agreement, because until that point of the litigation the State had actively opposed PATH's efforts to preserve the disputed portion of the Haleakalā Trail, thus making PATH "solely responsible" for advocating the public interest. See Sierra Club, 120 Hawaiʻi at 220-21, 202 P.3d at 1265-66.  The Circuit Court further determined, however, that PATH was not entitled to attorneys' fees after the parties entered into the JP Agreement because the parties had "continued with their joint prosecution of the claims pursued during the phase one of the trial."  This determination is also consistent with our precedent because pursuant to the JP Agreement, the State was no longer abandoning or actively opposing PATH's cause, and PATH was no longer "solely responsible" for advocating the public interest.[11] See id.  Thus, the Circuit Court acted within its discretion and in consideration of the applicable principles of law in determining not to award attorneys' fees under the private attorney general doctrine beyond the date of the JP Agreement.  See Sierra Club, 120 Hawaiʻi at 220, 202 P.3d at 1265; Waiahole II, 96 Hawaiʻi at 31-32, 25 P.3d at 806-07.

---

[11]  The terms of the JP Agreement further show that upon its execution, the parties had agreed to support each other in jointly prosecuting their claims against HRC such that PATH was no longer "solely responsible" for advocating the public interest.  The provision entitled "Other Consideration by the State and Related State Issues" in the JP Agreement provides:

> 1.    The State shall, at minimum, join with [PATH] on substantive motions in Court against HRC with respect to the Joint Prosecution Claim, or join and support any appellate arguments in either or both of the Hawaiʻi appellate courts related to the Joint Prosecution Claim.

> 2.    The State shall coordinate with [PATH] in the preparation of evidence for motions, evidentiary hearings, and/or trial against HRC on the Joint Prosecution Claim. This may include, but not be limited to, assisting with and providing declarations or testimony from experts from the State of Hawaiʻi, such as Na Ala Hele abstractor on title or abstract issues.

> 3.    In the event that [PATH] prevail[s] on any claims for relief against HRC, the State shall not object to any efforts by [PATH] to seek from HRC attorneys' fees and costs of suit pursuant to the private attorney general doctrine, and/or as otherwise permitted by law.

PATH relies heavily on Irwin Park II in support of their contention that the Circuit Court erred in not applying the private attorney general doctrine after the parties entered into the JP Agreement.  In Irwin Park II, the Hawaiʻi Supreme Court held that the second factor of the private attorney general doctrine was satisfied even where another private party was named as a respondent alongside the organization representing the public interest, Scenic Hawaiʻi Inc. (**Scenic Hawaiʻi**), and the City and County of Honolulu had intervened in the suit, and joined Scenic Hawaiʻi in its motion to dismiss.  Irwin Park II, 130 Hawaiʻi at 305-07, 310 P.3d at 310-12.  The Court acknowledged that "a party representing the public interest along with other parties may still be 'solely responsible' for advocating the public interest . . . despite the fact that private parties are named in the litigation."  Id. at 316, 310 P.3d at 311 (citation omitted).  PATH thus asserts that it still should have been considered "solely responsible" for advocating the public interest even after the State agreed to jointly prosecute the claims against HRC.  Irwin Park II is, however, distinguishable from the instant case.

In Irwin Park II, a government entity, the Aloha Tower Development Corporation (**ATDC**), actively opposed Scenic Hawaii's efforts to vindicate the public interest throughout the entirety of the litigation.  Id. at 316-17, 310 P.3d at 311-12.  The State of Hawaiʻi, and the State of Hawaiʻi Department of Land and Natural Resources also opposed Scenic Hawaii's cause once they entered the litigation.  Id. at 317, 310 P.3d at 312.  The Supreme Court noted that this was distinguishable from prior cases where the court denied attorneys' fees in part because the government entity "had not wholly abandoned or actively opposed the plaintiff's cause."  Id. (citing to Maui Tomorrow v. State, Bd. Of Land and Nat. Res. Of State of Hawaiʻi, 110 Hawaiʻi 234, 245, 131 P.3d 517, 528 (2006).  In contrast, here, the State actively opposed PATH's cause until the parties entered into the

JP Agreement, upon which the parties entered into a cooperative agreement to jointly prosecute their claims against the HRC. Thus, it was within the Circuit Court's discretion to deny attorneys' fees beyond this point in the litigation.

Finally, PATH asserts that its participation continued to be necessary after the JP Agreement because the State continued to act adversely to its cause, including discussing with HRC a proposed land exchange "in which the State would exchange its property interest in Haleakalā Trail for a yet-to be-built jeep road located on the leeward side of Haleakalā." However, as noted by the HRC, the JP Agreement contains a provision that allows the parties to seek relief from the Circuit Court "to return the case to the status quo before [the JP Agreement] was signed" in the event of a material breach.  While PATH asserts that they had informed the State that its actions were in violation of the JP Agreement, it never exercised its right to seek relief from the Circuit Court.  Thus, the Circuit Court, within its discretion, determined that although PATH and the State's relationship at times was "not on a solid foundation[,]" it would be inappropriate to apply the doctrine beyond the date of the JP Agreement because the parties ultimately "continued with their joint prosecution of the claims" in the phase one trial.

Based on the foregoing, we conclude that the Circuit Court did not abuse its discretion in its AF Order and AF Award in denying attorneys' fees under the private attorney general doctrine after the State and PATH entered into the JP Agreement.

**B.  Fees Incurred Litigating the Attorneys' Fees Issue**

In their second point of error, PATH contends that the Circuit Court erred in denying their second motion for attorneys' fees, which sought an award for the fees incurred litigating the attorneys' fees issue.  We conclude that the Circuit Court did not abuse its discretion in denying PATH's second motion for attorneys' fees because the settlement agreement entered into by

the parties did not appear to contemplate PATH's subsequent request for attorneys' fees.

As previously noted, PATH, the State, and HRC entered into a handwritten mediated settlement agreement, which settled all remaining claims following the Phase 1 Trial.  The settlement agreement contains provisions pertaining to PATH's First Attorneys' Fees Motion, which state:

> The parties agree as follows with respect to Plaintiff's attorneys' fees motion:
>
> The motion will be heard by Judge Cardoza, whose decision may be appealed by either party[.]
>
> . . . .
>
> Plaintiff's motion for attorneys' fees will be heard by Judge Cardoza in his courtroom in the normal course[.]

At the June 24, 2015 hearing on PATH's motion, the Circuit Court noted that, in its view, the terms of the settlement agreement "did not specifically address one way or the other whether a second motion for the fees related to the litigation over the fees and costs would be awarded."  While the Circuit Court also acknowledged that our appellate courts have not yet addressed whether plaintiffs are entitled to fees incurred litigating for attorneys' fees under the private attorney general doctrine, it noted that in its view, the parties only contemplated a single motion for fees and costs in the settlement agreement, and thus determined that it would be inappropriate to grant PATH's subsequent motion for fees.

We find no abuse in the Circuit Court's determination. The language of the settlement agreement only refers to a single motion for attorneys' fees.  Further, the record supports the Circuit Court's determination that the parties never contemplated PATH's second attorneys' fee motion when they entered into the settlement agreement.  The settlement agreement is dated December 19, 2014.  At that time, only PATH's First Attorneys' Fees Motion was before the Circuit Court, which did not include or mention any request for fees incurred litigating this issue.  PATH's

12

second motion for attorney's fees was filed on May 6, 2015, nearly five months after the December 19, 2014 settlement agreement.  Finally, at the April 22, 2015 hearing on PATH's First Attorneys' Fees Motion, PATH first informed the Circuit Court that it intended to file "a supplemental motion requesting attorney's fees for the prosecution of [PATH's] attorney's fees." HRC's counsel noted that it was "baffled" by PATH's second request for attorney's fees, noting that such motion may be inconsistent with the settlement agreement.

Given the record, we conclude that the Circuit Court did not abuse its discretion in denying PATH's second motion for attorneys' fees.

**C.  PATH's Claim for Attorneys' Fees Under HRS § 607-14.5**

In their final point of error, PATH contends that the Circuit Court erred in concluding that HRC's claim of private ownership of the Haleakalā Trail was not made in bad faith, thus denying PATH's request for attorneys' fees under HRS § 607-14.5.

HRS § 607-14.5 provides in relevant part, that "the court may, as it deems just, assess against either party . . . a reasonable sum for attorneys' fees . . . upon a specific finding that . . . the party's claim or defense was frivolous . . . ." "A frivolous claim has been defined as a claim so manifestly and palpably without merit, so as to indicate bad faith on the pleader's part such that argument to the court was not required." Yoneji v. Yoneji, 137 Hawaiʻi 299, 313, 370 P.3d 704, 718 (App. 2016) (citation and internal quotation marks omitted).  Further, "a finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith." Id. (emphasis added) (citation, brackets, and internal quotation marks omitted).

PATH contends that the record establishes that HRC had no evidence to support their claim of private ownership of the disputed portion of Haleakalā Trail.  PATH specifically asserts that HRC's claim of ownership relied solely on the "absence of

reservation" in relevant deeds conveying the title to HRC, which it asserts is directly contradicted by Hawaiʻi law.  PATH also asserts that the Circuit Court's rulings at trial on PATH's motions in limine precluding HRC from introducing evidence relating to their claim of private ownership further established that HRC had no law or evidence in support of its claim. Although the record may indicate that HRC's claim of ownership of the Haleakalā Trail may have been weak or even without merit, we cannot say that the Circuit Court clearly erred in determining there was not bad faith on the part of HRC in asserting its claim.  See Lee v. Hawaiʻi Pacific Health, 121 Hawaiʻi 235, 246-47, 216 P.3d 1258, 1269-70 (App. 2009) (noting that although plaintiff's arguments were without merit, the commencement of the action was not frivolous because plaintiff did not act in bad faith).

Further, as HRC points out on appeal, the Circuit Court denied PATH's motion for summary judgment seeking to establish public ownership of Haleakalā Trail and denied PATH's motion for judgment as a matter of law after the close of evidence at the Phase 1 trial.[12]  Such rulings by the Circuit Court support the inference that HRC's claim was not frivolous.  See Kawaihae v. Hawaiian Ins. Cos., 1 Haw. App. 355, 362, 619 P.2d 1086, 1091 (1980) (noting that where a trial court's determination that appellee's claim "was not an appropriate matter for action by way of a directed verdict or summary judgment, an inference is certainly raised that the issue of [appellee's claim] is not frivolous.")

Accordingly, the Circuit Court was not clearly erroneous in concluding that the record did not establish that HRC's claim of private ownership of the Haleakalā Trail was made

---

[12]  PATH asserts that the Circuit Court's denial of PATH's motion for partial summary judgment only established a good faith basis to dispute the location, and not the ownership, of the disputed portion of the Haleakalā Trail.  However, the Circuit Court's order denying PATH's motion makes no such distinction, instead only stating that "[PATH has] not met their burden with respect to a motion for partial summary judgment[.]"

in bad faith, and did not abuse its discretion in denying PATH attorneys' fees under HRS § 607-14.5.

### IV. Conclusion

Based on the foregoing, the "Final Judgment" entered on July 11, 2016, by the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, February 26, 2021.

On the briefs:

Tom Pierce,
Peter N. Martin,
for Plaintiff-Appellants.

Michael W. Gibson,
Francis P. Hogan,
Clara Park,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/a/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge